E-FILED
Friday, 09 November, 2018  03:01:42 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| ANN L. ARNOLD<br><br>        Plaintiff,<br><br>   -v-<br><br>PRO COM SERVICES OF ILLINOIS, INC.<br><br>        Defendant. | CASE NO.: 3:18-cv-03292<br><br>JUDGE:<br><br><br>COMPLAINT<br>JURY DEMAND ENDORSED HEREON |

Plaintiff, Ann L. Arnold, for her complaint against Pro Com Services of Illinois, Inc. ("Defendant"), states as follows:

NATURE OF THE ACTION

1.  Plaintiff brings this action seeking damages pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.* ("FDCPA"), and the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/10a ("ICFA"), for Defendant's unlawful collection practices as more fully described in this complaint.

JURISDICTION AND VENUE

2.  This action arises under and is brought pursuant to the FDCPA.  Subject matter jurisdiction is therefore conferred upon this Court by 15 U.S.C § 1692k and 28 U.S.C. §§ 1331, 1337, as the action arises under the laws of the United States.  Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. § 1367.

3.  Venue is proper in this Court pursuant to 28 U.S.C. § 1391 as Defendant transacts business within the Central District of Illinois and the events and/or omissions giving rise to the claims made in this complaint occurred within the Central District of Illinois.

<u>PARTIES</u>

4.  Plaintiff, Ann L. Arnold, ("Ms. Arnold"), is a natural adult person currently residing in Springfield, Illinois, which lies within the Central District of Illinois.

5.  Ms. Arnold is a "consumer" as that term is defined by § 1692a(3) of the FDCPA.

6.  Ms. Arnold is a "person" as that term is defined and/or used within the ICFA.

7.  Defendant, Pro Com Services of Illinois, Inc., is an Illinois corporation in the business of collecting consumer debts on behalf of others within the State of Illinois and throughout the United States.  As such, Defendant regularly uses the mails and/or telephone to collect, or attempt to collect, delinquent consumer accounts.

8.  In its communications to consumers, Defendant identifies itself as a "debt collector."

9.  Defendant is a "debt collector" as that term is defined by § 1692a(6) of the FDCPA.

10.  Defendant is a "person" as that term is defined and/or used within the ICFA.

<u>FACTS SUPPORTING CAUSES OF ACTION</u>

11.  As Ms. Arnold was checking her credit reports, she noticed an entry bearing Defendant's name that was reporting in a collection status.  Relevant pages from Ms. Arnold's Trans Union credit report, dated July 19, 2018, are attached to this complaint as Exhibit A.

12.  Ms. Arnold also noticed that Defendant had updated its reporting of the collection account appearing on her credit report as recently as June 19, 2018.  *See* Exhibit A.

13.  Ms. Arnold did not recognize this account as belonging to her.

14.  On or around July 19, 2018, Ms. Arnold contacted Defendant via phone to ascertain more information about the entry appearing in her credit report and the debt Defendant was attempting to collect from her (the "Phone Call").

15.   During the Phone Call, Ms. Arnold spoke with a representative for Defendant who identified Defendant as a debt collector attempting to collect upon a debt.

16.   During the Phone Call, Defendant's agent represented to Ms. Arnold that she owed Defendant a balance of over $275.00 in connection with a medical debt Ms. Arnold incurred in Illinois in February 2013 (the "Subject Debt").

17.   Ms. Arnold advised Defendant's representative that she is disabled and currently has no income, and that she has disputed the validity of the Subject Debt with Defendant in the past.

18.   Defendant's agent attempted to collect payment of the Subject Debt from Ms. Arnold during the Phone Call.

19.   The applicable statute of limitations for the Subject Debt states, in relevant part:

> "Except as provided in Section 2-725 of the 'Uniform Commercial Code', approved July 31, 1961, as amended, and Section 11-13 of 'The Illinois Public Aid Code', approved April 11, 1967, as amended, actions on unwritten contracts, expressed or implied . . . shall be commenced within 5 years next after the cause of action accrued." *See* 735 ILCS § 5/13-205.

20.   Thus, given the applicable five (5) year statute of limitations and the fact that the Subject Debt fell into default in February 2013, as of July 19, 2018, the date of the Phone Call, the Subject Debt was a time-barred debt, *i.e.*, it fell outside the applicable statute of limitations.

21.   Despite the time-barred status of the Subject Debt, at no point during the Phone Call did Defendant's agent disclose or explain to Ms. Arnold that the Subject Debt was time-barred and/or that Defendant could not sue Ms. Arnold to collect it.

22.   Despite the time-barred status of the Subject Debt, at no point during the Phone Call did Defendant's agent disclose or explain to Ms. Arnold that by paying, or even just agreeing to pay, any portion of the Subject Debt, or merely acknowledging the Subject Debt as valid, it could have

the effect of resetting the applicable statute of limitations as to the Subject Debt, potentially subjecting Ms. Arnold to further legal liability.

23.    After a reasonable time to conduct discovery, Ms. Arnold believes she can prove that all actions taken by Defendant as described in this complaint were taken willfully and/or with knowledge that its actions were taken in violation of the law.

<u>DAMAGES</u>

24.    In conjunction with Defendant's June 19, 2018 adverse credit reporting concerning the Subject Debt, Plaintiff was misled by the Phone Call.

25.    Plaintiff justifiably fears that, absent this Court's intervention, Defendant will continue to attempt to collect payment from her on time-barred debt(s) and ultimately cause unwarranted harm to her credit or otherwise harm her economically.

26.    Plaintiff justifiably fears that, absent this Court's intervention, Defendant will continue to use unlawful methods and/or means in its attempts to collect the Subject Debt from her.

27.    As a result of Defendant's conduct, Plaintiff was forced to hire counsel and her damages therefore include reasonable attorneys' fees incurred in prosecuting this claim.

28.    As a result of Defendant's conduct, Plaintiff is entitled to statutory damages, punitive damages and all other appropriate measures to punish and deter Defendant and other debt collection agencies from engaging in the unlawful collection practices described in this complaint.

<u>GROUNDS FOR RELIEF</u>

<u>COUNT I</u>
<u>VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT</u>
<u>*15 U.S.C. §§ 1692e, e(2)(A), e(10) and f*</u>

29.    All prior paragraphs are incorporated into this count by reference.

30.    The FDCPA states, in relevant part:

"A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.  Without limiting the general application of the foregoing, the following conduct is a violation of this section: (2) The false representation of -- (A) the character, amount, or legal status of any debt; or (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."  15 U.S.C. §§ 1692e, e(2)(A) and e(10).

"A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt."  15 U.S.C. § 1692f.

31.   Defendant violated 15 U.S.C. §§ 1692e, e(2)(A), e(10), and f during the Phone Call, in conjunction with its June 19, 2018 adverse credit reporting concerning the Subject Debt, by omitting any disclosure whatsoever to Plaintiff concerning the time-barred status of the Subject Debt, namely, that Plaintiff could no longer be sued in connection with the Subject Debt and/or that any payment she made toward the Subject Debt, or even arranging to pay, could reset the applicable statute of limitations as to the entire balance of the Subject Debt.

32.   Defendant knew, or should have known, that the applicable statute of limitations to collect the Subject Debt had expired, yet failed to provide complete and/or accurate disclosure of same to Plaintiff.

33.   Such representations and/or omissions served only to confuse and intimidate Plaintiff with hopes that she would waive her rights and affirmative defenses under the law.  Plaintiff was unable to adequately determine the character and legal status of the Subject Debt based upon Defendant's representations and/or omissions, and was unable to adequately determine the potential legal consequences of making, or arranging to make, a payment on the Subject Debt.

34.   As an experienced debt collector, Defendant knows that its representations to consumers concerning the legal status of an alleged debt owed, and the consumer's rights under the FDCPA

and/or the applicable statute of limitations, are required to be truthful, complete and accurate, and must be disclosed without any intent to mislead or deceive.

35.    As Plaintiff had no prior contractual relationship or dealings with Defendant, Plaintiff was justifiably confused and skeptical of the representations and/or omissions regarding the legal status of the Subject Debt, as well as Defendant's ability to legally collect upon it.

36.    As set forth in paragraphs 24 through 28 above, Plaintiff has been harmed and has suffered damages as a result of Defendant's unlawful collection practices as described herein.

COUNT II
VIOLATIONS OF THE ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT
*815 ILCS § 505/2*

37.    All prior paragraphs are incorporated into this count by reference.

38.    Defendant's collection activity in connection with the Subject Debt constitutes "conduct of any trade or commerce" as that phrase is defined and/or used within the ICFA.

39.    The ICFA states, in relevant part:

> "Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact . . . in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby." 815 ILCS § 505/2.

> "Any person who suffers actual damage as a result of a violation of this Act committed by any other person may bring an action against such person. The court, in its discretion may award actual economic damages or any other relief which the court deems proper." 815 ILCS § 505/10a.

40.    Defendant violated the ICFA, namely 815 ILCS § 505/2, by engaging in unfair, abusive, and deceptive conduct in its transactions with Plaintiff by, *inter alia*, attempting to collect the Subject Debt – through its credit reporting activity and then during the Phone Call – despite

omitting any disclosure whatsoever to Plaintiff concerning the time-barred status of the Subject Debt, namely, that Plaintiff could no longer be sued in connection with the Subject Debt and/or that any payment she made toward the Subject Debt, or even arranging to pay, could reset the applicable statute of limitations as to the entire balance of the Subject Debt.

41.     Defendant knew, or should have known, that the Subject Debt was time-barred, yet failed to provide complete and/or accurate disclosure of same to Plaintiff.

42.     Defendant intended that Plaintiff rely on its misrepresentations and/or omissions in order to procure immediate payment of the Subject Debt and/or prevent Plaintiff from exercising her rights.

43.     As set forth in paragraphs 24 through 28 above, Plaintiff has been harmed and has suffered damages as a result of Defendant's unlawful collection practices as described in this complaint.

44.     As such, Plaintiff is entitled to relief pursuant to 815 ILCS § 505/10a.

45.     Defendant's actions as set forth in this complaint were malicious, willful and/or undertaken with such reckless disregard of Plaintiff's rights that malice may be inferred, subjecting Defendant to liability for punitive damages under the ICFA in such an amount to be proved at trial.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff, Ann L. Arnold, respectfully requests that this Court enter judgment in her favor as follows:

A.     Awarding Plaintiff actual damages, in such amounts as determined by the jury, as provided under 15 U.S.C. § 1692k and 815 ILCS § 505/10a;

B.     Awarding Plaintiff statutory damages in the amount of $1,000.00, as provided under 15 U.S.C. § 1692k(a)(2)(A);

C.     Awarding Plaintiff punitive damages, in such an amount as determined by the jury, as provided under 815 ILCS § 505/10a;

D.   Awarding Plaintiff the costs of this action and reasonable attorneys' fees, as provided under 15 U.S.C. § 1692k(a)(3) and 815 ILCS § 505/10a; and

E.   Awarding Plaintiff such other and further relief as may be just and proper.

DATED this 9th day of November, 2018.        Respectfully Submitted,

    _/s/ Geoff B. McCarrell_____
    Geoff B. McCarrell #0086427
    David S. Klain #0066305
    CONSUMER LAW PARTNERS, LLC
    333 N. Michigan Ave., Suite 1300
    Chicago, Illinois 60601
    (267) 422-1000 (phone)
    (267) 422-2000 (fax)
    geoff.m@consumerlawpartners.com

    *Counsel for Plaintiff*

JURY DEMAND

Pursuant to FED. R. CIV. P. 38(b), Plaintiff demands a trial to a jury on all issues of fact.

    _/s/ Geoff B. McCarrell_____
    Geoff B. McCarrell #0086427
    CONSUMER LAW PARTNERS, LLC

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF ILLINOIS            )
                             ) ss
COUNTY OF SANGAMON           )

Pursuant to 28 U.S.C. § 1746, Plaintiff, Ann L. Arnold, having first been duly sworn and upon oath, verifies, certifies, and declares as follows:

1.  I am the Plaintiff in this civil proceeding.

2.  I have read the above-entitled Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

3.  I believe that this Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.

4.  I believe that this Complaint is not interposed for any improper purpose, such as to harass Defendant, cause unnecessary delay to Defendant, or create a needless increase in the cost of litigation to Defendant.

5.  I have filed this Complaint in good faith and solely for the purposes set forth in it.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 9th day of November, 2018.



DocuSigned by:

4EF839652676412...

Signature